IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANAERGIA SERVICES, LLC; and KENT COUNTY BIOENERGY FACILITY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>KENT COUNTY, MICHIGAN<br><br>Defendant. | Case No. 1:24-cv-514<br><br>Hon. Sally J. Berens |

**STIPULATED PROTECTIVE ORDER**

Pursuant to the stipulation of the Parties, Plaintiffs Anaergia Services, LLC and Kent County Bioenergy Facility, LLC and Defendant Kent County (collectively, the "Parties"), by their undersigned counsel, the Court enters the following protective order (the "Order"):

**IT IS HEREBY ORDERED** that any party or non-party (the "producing party") may designate information, documents, or things as "Confidential" or "Highly Confidential" under the following terms and conditions:

1.    Any document, information, or thing ("Discovery Material") may be designated "Confidential" if the producing party determines in good faith that it (a) contains confidential, competitively sensitive, or proprietary information that is not readily ascertainable through lawful means by the public; (b) that if disclosed publicly would likely cause oppression, competitive disadvantage, infringement of privacy rights established by statute or regulation, or infringement of confidentiality requirements established by statute or regulation; (c) is or contains information subject to a confidentiality agreement; (d) contains Protected Health Information as defined by 45 CFR § 160.103; or (e) that if used for purposes other than those authorized by this Order could cause oppression or competitive disadvantage. Any producing party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if such producing party in good

faith and reasonably believes that disclosure of such Discovery Material is substantially likely to cause injury to the producing party ("Highly Confidential Discovery Material").

2. A producing party may designate Discovery Material as "Confidential" or "Highly Confidential" in the following manner:

    a. In the case of documents or other materials, by conspicuously stamping or appending the appropriate designation. In the case of a paper document, a producing party may so mark the first page of a multipage document or each applicable page. In the case of an electronic document, a producing party may append to that document the appropriate designation that does not alter the metadata associated with the document or may place the appropriate designation mark "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the outside of the medium (whether disc, hard drive, etc.) containing the document.

    b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 14 days of receipt of the transcript designating the entire transcript or portions thereof as Confidential or Highly Confidential. All depositions and other pretrial testimony will be deemed to be Confidential Discovery Material until the expiration of the 14 days after counsel receive a copy of the transcript, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any deposition or other pretrial testimony through agreement on the record at such deposition or testimony, except that no modification may be made to the detriment of a party that designated Discovery Material as Confidential or Highly Confidential without notice and an opportunity to be heard.

    c. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Highly Confidential Discovery Material, as applicable.

3. A copy of this Order shall be served with any subpoena seeking documents or information from a non-party.

4.     A non-producing party may also designate any document, information, or things produced during the course of this proceeding, not already designated under this Order as "Confidential" or "Highly Confidential" as if it were a producing party. The non-producing party shall accomplish such designation by notifying all Parties in writing of the specific item so designated.

5.     If a party designates materials or testimony as "Confidential" or "Highly Confidential" on the record, the court reporter shall indicate on the cover page of the transcript that the transcript includes "Confidential" or "Highly Confidential" information and shall list the pages and line numbers and/or exhibits of the transcript where such information is contained. During the period in which such "Confidential" or "Highly Confidential" information is discussed during the deposition, any person present during the deposition who is not authorized to receive such information under this Order, shall be excluded from that portion of the deposition.

6.     If a party producing documents inadvertently fails to mark a document as "Confidential" or "Highly Confidential" for which it desires such treatment, it shall so inform the party receiving the documents promptly upon discovery of such failure. The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential or Highly Confidential Discovery Material. The receiving party upon receiving notice of inadvertent disclosure shall return the unmarked Discovery Material to the producing party and the producing party shall substitute properly marked Discovery Material.

7.     The inadvertent or unintentional disclosure by a producing party supplying confidential discovery material, regardless of whether such discovery material was designated as "Confidential" or "Highly Confidential" shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality with respect to the discovery material disclosed. If discovery material was disclosed and is subsequently designated as "Confidential" or "Highly Confidential" the disclosing party shall make good faith efforts to preserve the "Confidential" or "Highly Confidential" nature of such discovery material and to obtain compliance with this Order from any person to whom such discovery material was disclosed.

8.      Should any party object to a designation of any Discovery Material as "Confidential" or "Highly Confidential" the Parties shall meet and confer in a good-faith attempt to reach an agreement regarding the status of the Discovery Material. The Parties are strongly encouraged to resolve all such objections and, if appropriate, utilize the services of a neutral to assist the Parties in the resolution of the dispute. If an objection is not thereby resolved, a party may bring the dispute before the Court for a determination. The provisions of this Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material constitutes Confidential or Highly Confidential Discovery Material, which burden remains on the party designating the Discovery Material as Confidential or Highly Confidential. Until the Court makes a determination regarding any dispute as to a designation, all material designated as "Confidential" or "Highly Confidential" shall be treated as such.

9.      All information, documents, or things produced, exchanged, or inspected in the course of this proceeding shall be used solely for the purposes of this proceeding.

10.     Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in accordance with this Order:

      a.      The Parties and the directors, officers, general partners, limited partners, managers, members, and employees of the Parties who are assisting with or making decisions concerning this action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of this action;

      b.      Counsel who represent Parties in this action (including in-house counsel), and the partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with this action;

      c.      Subject to Paragraph 12, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and

service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the action;

   d. Subject to Paragraph 13, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this action;

   e. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata); any person indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party; or, in the case of meeting minutes and presentations, an attendee of the meeting;

   f. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this action or any appeal therefrom; and

   g. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the producing party who provided the Confidential Discovery Material being disclosed, and provided that such person signs a Confidentiality Agreement in the form attached as Exhibit A hereto.

11. Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in connection with this action and in accordance with this Order:

   a. Counsel who represent Parties in this litigation (including in-house counsel), and the partners, counsel associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with this litigation;

   b. Subject to Paragraph 12, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside

5

support services) who are assisting with this action, only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the action;

   c. Subject to Paragraph 13, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this litigation;

   d. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata); any person indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party; or, in the case of meeting minutes and presentations, an attendee of the meeting;

   e. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

   f. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Highly Confidential Discovery Material being disclosed, and provided that such person signs a Confidentiality Agreement in the form attached as Exhibit A hereto.

12. Notwithstanding Paragraphs 10(c) and 11(b), Confidential or Highly Confidential Discovery Material may be provided to persons listed therein (i.e., experts or consultants) only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this action, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to (aside from expert services provided in connection with this action), any party or any known Competitor (as defined below) or potential transaction counterparty of the producing party designating the Confidential or Highly Confidential Discovery Material, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential or Highly Confidential Discovery Material pursuant to the terms of this Order; and further provided that such expert or consultant agrees to be bound

by the terms of this Order by signing a Confidentiality Agreement in the form attached as Exhibit A hereto. Counsel for the party showing, providing, or disclosing Confidential or Highly Confidential Discovery Material to any person required to execute a Confidentiality Agreement pursuant to this paragraph shall be responsible for obtaining and retaining such signed agreement before provision of the Confidential or Highly Confidential Discovery Material to such expert or consultant. Under no circumstances shall an expert or consultant who is a Competitor of the producing party, or who is providing services to any of the foregoing, be provided access to Confidential or Highly Confidential Discovery Material absent further order of the Court or written consent of the producing party. "Competitors" are persons or entities engaged in the same or similar lines of business as the producing party.

13. Notwithstanding Paragraphs 10(d) and 11(c), Confidential or Highly Confidential Discovery Material may be provided to persons listed therein (i.e., witnesses or deponents) only after (i) such persons confirm their understanding and agreement to abide by the terms of this Order by making such a statement on the record, and/or by signing a Confidentiality Agreement in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of this Order. Counsel for the party showing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining and retaining such signed undertaking before the provision of such Confidential or Highly Confidential Discovery Material to such person.

14. Materials designated as "Confidential" or "Highly Confidential" shall not be made available to persons other than those authorized by this Order, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, discovery responses, or affidavits. The "Confidential" or "Highly Confidential" information must be removed before the remaining materials may be made available to those other persons.

15. Materials designated as "Confidential" or "Highly Confidential" shall not be disclosed by opposing counsel to a former employee or representative of Plaintiffs or Defendant, respectively, to a witness at any deposition or other proceeding in this case, to a potential witness, or to a

testifying or non-testifying expert or consultant, or to any other person who was given consent, unless and until such person has first been supplied with and has read a copy of this Order and has executed a copy of the Confidentiality Agreement attached as <u>Exhibit A</u>. Current employees of Plaintiffs and Defendant are not required to execute a copy of the Confidentiality Agreement, but must be advised regarding the provisions of this Order.

16. Counsel shall maintain files containing materials designated as "Confidential" or "Highly Confidential" in a secure location. This provision shall not prevent use of an ESI vendor or host who restricts access to those persons permitted to review "Confidential" or "Highly Confidential" materials as set forth in this Order.

17. No Discovery Material designated as "Confidential" or "Highly Confidential" shall be filed with the Court, except pursuant to the following procedure and LCivR 10.6:

> (a) Provided that no "Confidential" or "Highly Confidential" Discovery Material is disclosed, the Parties may generally refer to Discovery Material designated as "Confidential" or "Highly Confidential" in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without filing such pleadings, motions, briefs, affidavits, or exhibits under seal.
>
> (b) In the event a party wishes to have the Court review and consider as exhibits documents which have been designated as "Confidential" or "Highly Confidential," the party shall attach to its filing in the place of such exhibit a statement such as the following:
>
>> THIS EXHIBIT CONTAINS CONFIDENTIAL INFORMATION AND WILL SUBMITTED ELECTRONICALLY UNDER SEAL AS A SEPARATE DOCUMENT.
>
> (c) In accordance with LCivR 10.6, the sealed document must be submitted electronically under seal as a separate document, under a separate docket entry,

8

           by use of the appropriate CM/ECF event. The docket entry and the NEF for any sealed document will be available for public viewing; the description of the sealed document should therefore be general in nature (e.g., sealed affidavit, sealed exhibit).

    (d)    The sealed document will be scanned and maintained electronically under seal. A document filed under seal may be accessed electronically only by authorized personnel of the court and the court of appeals and not by the public or any attorney or party, except as authorized under LCivR 10.7.

18.    Nothing in this Order shall preclude any party or their attorneys from:

    a.    Showing materials designated as "Confidential" or "Highly Confidential" to an individual who either prepared or reviewed the document, or is shown by the document, to have received the document.

    b.    Disclosing or using, in any manner or for any purpose, any Discovery Material from the party's own files that the party itself designated as "Confidential" or "Highly Confidential." This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of its own Discovery Material for any purpose.

    c.    Disclosing or using, in any manner or for any purpose, any information, document, or thing at the trial of this matter. But, if a party intends to use or offer into evidence at such trial any materials designated as "Confidential" or "Highly Confidential," that party must, unless otherwise ordered by the Court, so inform the producing party in a reasonable time in advance to allow the producing party to take such steps that it deems reasonably necessary to preserve the confidentiality of such information or documents.

    d.    Redacting information from documents produced in accordance with the discovery process, including information that is irrelevant to this action and would provide the opposing

party with a business advantage over the producing party if it is produced. Nothing in this subsection limits the opposing party from challenging such redactions before this Court.

19. If a party is served with a subpoena or similar process, from any person or entity whatsoever, directing that party to produce any materials designated as "Confidential" or "Highly Confidential" by another party, counsel for that party shall immediately give counsel for the designating party written notice of such service so that the designating party may seek a protective order or otherwise act to protect the confidentiality of the designated materials.

20. Within sixty (60) days of the conclusion of this action, including any appeals, all originals and reproductions of any materials designated as "Confidential" or "Highly Confidential" shall be destroyed at the request of the opposing party; provided, however, counsel for the Parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony given in this action, in addition to materials designated as "Confidential" or "Highly Confidential" in a secure location, subject to any applicable statute of limitations. Upon request, counsel for the receiving party shall provide written verification to the producing party that all copies of such materials produced to the receiving party have been destroyed, other than as indicated in this paragraph. Materials designated as "Confidential" or "Highly Confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

21. If information or materials are inadvertently produced that are subject to a claim of attorney-client privilege, attorney work product or any other ground on which production of such information or materials should not be made to a party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product or other ground for withholding production to which the producing party would otherwise be entitled. Any and all facially privileged or work product materials inadvertently produced shall be returned promptly, when discovered. Any other inadvertently produced privileged materials shall be promptly returned upon the request of the producing party.

22.	The Parties agree to be bound by the terms herein pending the entry by the Court of this Order, and any violation of these terms shall be subject to the same penalties as if this Order had been entered by the Court.

23.	The production of Discovery Material by any non-party shall be subject to and governed by the terms of this Order.

24.	The terms of this Order shall remain in effect after the action and any related appeals are concluded, except that there shall no longer be any restriction on the use of materials designated as "Confidential" or "Highly Confidential" that are used as exhibits at trial, unless such exhibits were used under seal, pursuant to a protective order, or otherwise protected at trial.

25.	In the event that any Confidential or Highly Confidential Discovery Material is used as an exhibit at trial, the material shall lose its confidential status and become part of the public record, unless the producing party applies for and obtains an order from this Court maintaining the confidential status of such material. Prior to any court proceeding in which Confidential or Highly Confidential Discovery Material is to be used, counsel for the Parties shall confer in good faith on procedures that may be necessary or advisable to protect the confidentiality of any such Confidential or Highly Confidential Discovery Material.

*[Signature Page Follows]*

Dated:

                                  SO ORDERED:

                                  /s/

I stipulate to entry of the above order:

/s/ John F. Rhoades                      /s/ Neil E. Youngdahl (with permission)
Attorney for Plaintiffs                 Attorney for Defendant

Mark J. Magyar (P75090)              Gary J. Mouw (P69236)
DYKEMA GOSSETT PLLC            Neil E. Youngdahl (P82452)
Capitol View Bldg.                       VARNUM LLP
201 Townsend Street, Suite 900       333 Bridge Street, N.W., Suite 1700
Lansing, MI 48933                    Grand Rapids, MI 49504
(616) 776-7523                         (616) 336-6000
mmagyar@dykema.com                gjmouw@varnumlaw.com
                                        neyoungdahl@varnumlaw.com

John F. Rhoades (P75575)
DYKEMA GOSSETT PLLC            *Attorneys for Defendant*
400 Renaissance Ctr., 36th Fl.
Detroit, MI 48243
(313) 568-6628
jrhoades@dykema.com

*Attorneys for Plaintiffs*

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANAERGIA SERVICES, LLC; and KENT COUNTY BIOENERGY FACILITY, LLC,<br><br>        Plaintiffs,<br><br>v.<br><br>KENT COUNTY, MICHIGAN<br><br>        Defendant. | Case No. 1:24-cv-514<br><br>Hon. Sally J. Berens |

## CONFIDENTIALITY AGREEMENT

I have read the Stipulated Protective Order (the "Order") with respect to the above-captioned action. I understand its terms, agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the Western District of Michigan for purposes of enforcement of the Order. I further agree not to disclose or use any Confidential or Highly Confidential Discovery Material (as defined in the Order) for purposes other than those permitted under the Order.

Date:_____

_____
Signature

_____
Name (printed)

_____
Affiliation/Employer

_____
Title